**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000801
20-JUL-2023
07:48 AM
Dkt. 83 MO**

NO. CAAP-18-0000801


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


EMMA MEYERS, Petitioner-Appellant-Appellant, v.
HAWAIIAN HOMES COMMISSION; KALI WATSON, in his capacity as
Chairman of the Hawaiian Homes Commission and
the Director of the Department of Hawaiian Home Lands;[1]
PATRICIA KAHANAMOKU-TERUYA, RANDY AWO, PAULINE NAMUʻO,
ZACHARY HELM, DENNIS NEVES, MICHAEL KALEIKINI, MAKAI FREITAS,
in their capacities as members of the Hawaiian Homes Commission;[2]
and the DEPARTMENT OF HAWAIIAN HOME LANDS,
Respondents-Appellees-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC17-1-000640)

---

[1] Pursuant to Hawaiʻi Rules of Evidence Rule 201 (**HRE**) and Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1), we take judicial notice that Kali Watson is the current Chairman of the Hawaiian Homes Commission and the Director of the Department of Hawaiian Home Lands and he is automatically substituted as Respondent-Appellee-Appellee in place of Jobie Masagatani.

[2] Pursuant to HRE Rule 201 and HRAP Rule 43(c)(1), we take judicial notice that Patricia Kahanamoku-Teruya, Randy Awo, Pauline Namuʻo, Zachary Helm, Dennis Neves, Michael Kaleikini, and Makai Freitas are current members of the Hawaiian Homes Commission and they are automatically substituted as Respondents-Appellees-Appellees in place of Imaikalani P. Aiu, Perry O. Artates, Leimana Damate, Gene Ross K. Davis, J. Kama Hopkins, Michael P. Kahikina, Ian B. Lee Loy, and Renwick V.I. Tassill.

MEMORANDUM OPINION
(By:  Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Petitioner-Appellant-Appellant Emma Meyers (**Meyers**) appeals from the Circuit Court of the First Circuit's September 21, 2018 Order affirming the Department of Hawaiian Home Lands' (**DHHL**) June 27, 2016 Decision and Order.[3]  On appeal, Meyers appears to challenge the circuit court's jurisdiction.[4]

## I.    BACKGROUND

Briefly, the Hawaiian Homes Commission Act (**HHCA**) of 1920 created the DHHL and the Hawaiian Homes Commission (**Commission**) to administer lands set aside for Native Hawaiian beneficiaries to lease homesteads.[5]  HHCA § 202, 207 (2009).

Mervin Smythe (**Smythe**) acquired a homestead lease from his sister through succession in 2008.

According to Meyers, she and her husband met Smythe in 2009.  In 2010, she and her husband moved onto Smythe's

---

[3]  The Honorable Keith K. Hiraoka presided.

[4]  As discussed below, Meyers's opening brief does not comply with the appellate rules.  In her appeal to this court, Meyers filed her opening brief as a self-represented party, but her reply brief was filed by counsel. Meyers was also represented by counsel during the DHHL contested case and on appeal to the circuit court.

[5]  Pursuant to HHCA § 201 (2009), "'Native Hawaiian' means any descendant of not less than one-half part of the blood of the races inhabiting the Hawaiian Islands previous to 1778."

homestead in exchange for making repairs to the house there.[6] And no one disputes that Meyers and her husband did work on the property.

Also according to Meyers, she and four family members (her husband, daughter, son, and son-in-law) accompanied Smythe to DHHL on June 18, 2012. There, she and Smythe completed a "Homestead Lease Transfer Request."

On her portion of the request, where it asks "Relationship to Lessee(s)," Meyers wrote, "Mother." Meyers signed the request confirming:

> I agree that it is my responsibility to submit to [DHHL] all necessary documentation to substantiate my native Hawaiian ancestry and I agree to comply with all other requirements imposed by the DHHL, including but not limited to a [sic] financial statements indicating cash deposits or Lender pre-approval of a mortgage loan to pay off or assume all debts attached to the lease. I understand that this request will not be final until approved by DHHL Chairman or designee.

(Emphasis added.)

Eight days later, on June 26, 2012, Smythe passed away. DHHL Homestead Assistant Theresa Loo testified that Meyers came into DHHL that day, apprising her of Smythe's passing and inquiring about the transfer. On December 7, 2012, DHHL notified Meyers that the transfer request was not processed or approved by the Commission, and "[b]ecause the lessee passed

---

[6] In 1986, Meyers applied for a Hawaiian Home Lands homestead lot on Maui. DHHL accepted her application, and her name was added to the Maui homestead lot waitlist on September 19, 1986.

away without having named a successor, [DHHL] must dispose of the lease as required by section 209(a) of the Act."

HHCA § 209(a) addresses transfer by succession.[7] Smythe's nieces, Jamie Esprecion and Isette Smythe (together **Nieces**), completed requests to succeed to Smythe's lease as blood relatives.

Meyers requested a contested case hearing. The hearing was held over four days (April 23, 2013, June 18, 2013, August 7, 2013, and December 17, 2013) with numerous witnesses testifying. During the hearing, Meyers admitted she was not

---

[7] HHCA § 209(a) provides, in relevant part, as follows:

> Upon the death of the lessee, the lessee's interest in the tract or tracts and the improvements thereon . . . shall vest in the relatives of the decedent . . . .
>
> . . . .
>
> In case of the death of any lessee, except as hereinabove provided, who has failed to specify a successor or successors as approved by the department, the department may select from only the following qualified relatives of the decedent:
>
> . . . .
>
> (5)  If there is no husband, wife, child, grandchild, brother, or sister, then from the following relatives of the lessee who are native Hawaiian:  father and mother, widows or widowers of the children, widows or widowers of the brothers and sisters, or nieces and nephews.
>
> The rights to the use and occupancy of the tract or tracts may be made effective as of the date of the death of the lessee.

Smythe's mother, and testified that her indicating as such was a "simple mistake."

On June 27, 2016, the Commission entered its findings, conclusions, and decision and order in favor of Nieces. The Commission ordered DHHL to "proceed with the process to transfer the interest of [Smythe's lease] by succession from [Smythe], deceased, to" Nieces.

Meyers appealed to the circuit court. After briefing and oral arguments, the circuit court affirmed the Commission's decision. Meyers timely appealed to this court.

## II.  DISCUSSION

As an initial matter, Meyers's self-represented opening brief does not comply with HRAP Rule 28. There are no points of error, no references to the record on appeal, and no argument. HRAP Rule 28(b) (requiring points of error, record citations, and an argument).

It is, however, a fundamental tenet of our law that "pleadings prepared by pro se litigants should be interpreted liberally" in an effort to afford appellate review despite the litigant's failure to comply with the appellate court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (citation omitted). Accordingly, we endeavor to "afford[] litigants the opportunity to have their cases heard on

5

the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up) (brackets added).

As far as we can discern, Meyers appears to challenge the circuit court's jurisdiction over her appeal from DHHL's decision. In her opening brief, Meyers states she "now challenges the Jurisdiction of the Court" and that the "Plaintiff and the Court must prove Subject Matter Jurisdiction."

"It is well-settled that every court must determine as a threshold matter whether it has jurisdiction to decide the issues presented." Pub. Access Shoreline Hawaii v. Hawaiʻi Cnty. Plan. Comm'n, 79 Hawaiʻi 425, 431, 903 P.3d 1246, 1252 (1995) (cleaned up). "Moreover, subject matter jurisdiction may not be waived and can be challenged at any time." Id.

HHCA § 222(a) (2009) requires DHHL to "adopt rules in accordance with chapter 91, Hawaii Revised Statutes [(**HRS**).]" HRS § 91-14(a) (2012) provides for judicial review of final decisions in contested cases:

> Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law. Notwithstanding any other provision of this chapter to the contrary, for the purposes of this section, the term "person aggrieved" shall include an agency that is a party

6

> to a contested case proceeding before that agency or another agency.

(Emphases added.)

In light of HRS § 91-14, the Hawaiʻi Supreme Court explained that the following are required to establish jurisdiction:

1.  "the proceeding that resulted in the unfavorable agency action must have been a contested case hearing-i.e., a hearing that was 1) required by law and 2) determined the rights, duties, and privileges of specific parties";

2.  "the agency's action must represent a final decision and order, or a preliminary ruling such that deferral of review would deprive the claimant of adequate relief";

3.  "the claimant must have followed the applicable agency rules and, therefore, have been involved in the contested case"; and

4.  "the claimant's legal interests must have been injured-i.e., the claimant must have standing to appeal."

Pub. Access Shoreline Hawaii, 79 Hawaiʻi at 431, 903 P.2d at 1252 (cleaned up). We apply this test to determine whether the circuit court had jurisdiction over Meyers's appeal.

7

First, the hearing in this case was a contested case hearing. HRS chapter 91 defines a contested case as "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." HRS § 91-1 (Supp. 2017). The Hawaiʻi Supreme Court interpreted "required by law" as a hearing "specifically mandated by statute, rule, or the due process guarantees of the state and federal constitutions." Bush v. Hawaiian Homes Comm'n, 76 Hawaiʻi 128, 137, 870 P.2d 1272, 1281 (1994).

DHHL's administrative rules define a "contested case" to include proceedings "involving the denial or cancellation of homestead leases" as follows:

> "Contested case" means a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for hearing before the commission, and shall include but not be limited to proceedings involving the denial or cancellation of homestead leases issued by the department, and loan or tax delinquencies[.]

Hawaiʻi Administrative Rules (**HAR**) § 10-1-5 (emphasis added).

Here, Smythe was issued a homestead lease by DHHL. After Smythe's death, Meyers attempted to acquire Smythe's lease by completing the transfer, and Nieces attempted to acquire Smythe's lease by succession. The Commission held hearings

8

accepting testimony and evidence, and rendered a decision in favor of Nieces resulting in a denial of a homestead lease to Meyers by transfer. Because the hearing in this case involved a denial of a homestead lease, it was a contested case hearing.

Second, the Commission's action was a final decision and order. A "[f]inal order means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Mitchell v. State, Dep't of Educ., 77 Hawaiʻi 305, 307, 884 P.2d 368, 370 (1994) (cleaned up) (brackets added).

The Commission issued findings and conclusions,[8] and decided that (1) all interests in Smythe's lease "shall be transferred by succession pursuant to § 209 of the Act" to Nieces, "who have been determined to be qualified heirs as required by the Act, and who timely responded to the public notice of successors pursuant to HAR § 10-3-63"; and (2) the decision "shall take effect immediately," ordering DHHL to

---

[8] Meyers did not challenge the Commission's findings. "Unchallenged findings are binding on appeal." Poe v. Hawaiʻi Lab. Rels. Bd., 97 Hawaiʻi 528, 536, 40 P.3d 930, 938 (2002).

"proceed with the process to transfer the interest of [Smythe's lease] by succession from [Smythe], deceased, to" Nieces.

Based on the Commission's decision and order, there was nothing more to be decided. The Commission found in favor of Nieces and ordered Smythe's lease to be transferred to them as successors. There was nothing more Meyers could do before the Commission.

Third, Meyers participated in the proceedings, and complied with agency rules. "Under the third element . . . , [the appellant] must demonstrate that [she] was involved, or participated, in the contested case hearing that culminated in the unfavorable decision." Pub. Access Shoreline Hawaii, 79 Hawaiʻi at 433, 903 P.2d at 1254. "Moreover, appellants seeking judicial review under HRS § 91-14 must follow agency rules relating to contested case proceedings properly promulgated under HRS Chapter 91." Id. (cleaned up).

DHHL's rules were "adopted under Chapter 91, HRS, and implement the [HHCA] of 1920, as amended." HAR § 10-1-1. Through her counsel, Meyers requested a contested case hearing, and submitted letters that may be construed as a complaint with a statement setting forth facts and alleging a violation. HAR

§ 10-5-31.[9]  Meyers and others testified on her behalf throughout the hearing.  Meyers's counsel cross-examined witnesses and presented closing arguments.

As such, Meyers followed the agency rules, which were promulgated under HRS chapter 91, and participated in the contested case hearing.

Finally, Meyers was aggrieved.  For this element, Meyers's interests must have been injured.  Pub. Access Shoreline Hawaii, 79 Hawaiʻi at 434, 903 P.2d at 1255.  Smythe and Meyers initiated a request for Smythe to transfer his homestead lease to her.  If successful, Meyers would enjoy the benefits of the homestead lease.  Smythe's lease, however, was awarded to Nieces, and Meyers was eventually ordered to vacate the property.

---

[9]  HAR § 10-5-31 provides, in relevant part, as follows:

    (a)  Any person or agency including the commission and the department may request a contested case hearing and shall have the right and full opportunity to assert a claim provided that the claim is based on a law or rule over which the commission has jurisdiction.

    (b)  Such complaint shall be in writing, signed by the complainant and shall contain a short and simple statement of the facts constituting the alleged violation and the name and address of the alleged violator.

HAR §§ 10-5-31(a) and (b) (formatting altered).

Because all elements were met, the circuit court had jurisdiction over Meyers's appeal from the Commission's decision.

### III. CONCLUSION

For the reasons discussed above, and with no further discernable argument to address, we affirm the circuit court's September 21, 2018 "Order Affirming Hawaiian Homes Commission's Findings of Fact, Conclusions of Law and Decision and Order Dated June 27, 2016."

DATED:  Honolulu, Hawaiʻi, July 20, 2023.

On the briefs:

Emma Meyers,
Self-represented
Petitioner-Appellant-
Appellant,
on the opening brief.

E. Mason Martin, III,
for Petitioner-Appellant-
Appellant,
on the reply brief.

Jason W. Hirata,
Deputy Attorney General
Craig Y. Iha,
Supervising Deputy Attorney
General,
for Respondents-Appellees-
Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge